STATE v. LINDSEY.

1. EVIDENCE—RES GESTAE—DISCRETION.—WHETHER DECLARATIONS, not precisely concurrent with the transaction, are admissible as part of the *res gestae,* is largely within discretion of trial Judge, and each case must be decided on its own facts and circumstances. Here not admitted.

2. CHARGE—SELF-DEFENSE.—Under the proof and pleas in this case, the charge as to self-defense was on the facts.

Before ALDRICH, J., Spartanburg. January term, 1903. Reversed.

Indictment for assault and battery against Thomas Lindsey and Asberry Lindsey. From sentence, defendants appeal.

*Messrs. McCravy* and *Hunt·Bros.,* for appellants, cite: *As to res gestae:* 13 S. C., 469.

*Solicitor T. S. Sease,* contra.

March 24, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendants were tried before Judge Aldrich and a jury at January, 1903, term of Court of General Sessions for Spartanburg County on the charge of assault and battery with intent to kill upon W. D. Howard, and were convicted of assault and battery of a high and aggravated nature, and sentenced. They appeal upon exceptions to the rulings of the Court as to admissibility of testimony and to the instructions to the jury.

The first, second and third exceptions raise the question whether the excluded testimony came within the *res gestae.* The witness, C. B. Amands, was asked by the defendant's counsel whether he heard Mrs. Howard say anything when they started to carry W. D. Howard into the

house. It appears that W. D. Howard was uncon-
scious, having been stricken on the head by a rock, alleged
to have been thrown by one of the defendants, and was being
carried into the house near by a short time after the injury.
The solicitor objected to the testimony on the ground that
no foundation had been laid by asking Mrs. Howard, when
on the stand, whether she had said so and so, and the objec-
tion was sustained. It was not suggested to the Court by
any one that the testimony was admissible as part of the *res
gestae.* If the purpose of the testimony was to contradict
Mrs. Howard, the ruling was certainly correct. But it is
now contended that the evidence was admissible as *res
gestae.* If we must assume that the Circuit Court consid-
ered this question, then there is nothing in the "Case" to
show any abuse of discretion. In ruling upon the question,
whether any particular testimony is admissible as *res gestae,*
the Circuit Court must necessarily view all the circumstances,
and decide in the first instance whether the circumstances
were such as to bring the testimony within the rule. This
subject has been very recently considered in the case of *State*
v. *McDaniel, post,* where the Court said: "Where the decla-
rations are not precisely concurrent with the transaction, a
delicate and complex question is presented to the trial Judge
in determining their admissibility, and each case must be
decided upon its own circumstances. In the nature of the
case there can be no hard and fast rule as to the precise time,
near an occurrence, within which declarations explanatory
thereof must be made in order to be admissible. The gene-
ral rule is that the declaration must be substantially contem-
poraneous with the litigated transaction, and be the instinct-
ive, spontaneous utterances of the mind while under the
active influences of the transaction, the circumstances pre-
cluding the idea that the utterances are the result of reflec-
tion or design to make false or self-serving declarations."
The Court further said that: "Questions of this kind must
be largely left to the sound judicial discretion of the trial
Judge, who is compelled to view all the circumstances in

reaching his conclusion, and this Court will not review his ruling unless it clearly appears from the undisputed circumstances in evidence that the testimony ought to have been admitted or rejected, as the case may be." For the reasons stated above, we must overrule these exceptions.

The fourth, fifth and sixth exceptions complain of the charge to the jury, but the points made are fully presented in the sixth exception, which is as follows: "VI. Because his Honor erred in charging the jury as follows: 'If the State has failed to prove either of these charges against the defendants, and they, acting in self-defense, if it is proven that they acted in self-defense, then your verdict will be not guilty,' in that this part of the charge in connection with the following: 'The defendants here have pleaded not guilty. Now as to self-defense. Self-defense comes to a man or men when they are, at the time of the encounter or difficulty, without fault in bringing about the trouble, and they are assaulted, or there is danger to their lives or persons, which is then and there pending. Then if the defendant or defendants, being impressed with this apprehension of danger to their lives or persons, honestly believing it was necessary in order to protect their lives or persons, to resort to force to repel the attack, and so believing, do inflict punishment or injury upon the party assaulting them. That would be the first element of self-defense. The second is believing that a man of ordinary sense, discretion, would, under the circumstances shown by the testimony in this case, feel justifiable or excusable in forming the opinion *which the testimony shows the defendants formed, or the understanding on which they acted, and acting as they did in self-defense.* If so, then if an ordinary man would have done *as these defendants did* under the apprehensions that they were acting in self-defense, then they have made out their case. If the average man would not have believed it was necessary for him to resort to force, then they have failed to make out a plea of self-defense;' was a charge on the facts, and by so doing directed the jury that unless the

defendants made out their plea of self-defense, they would have to find them guilty, when, as a matter of fact, their only plea was an alibi." In addition to their plea of not guilty, defendants set up an alibi, and there was some testimony tending to show that they, while near, did not strike the blow. The defendants offered no testimony whatever tending to show self-defense, but there were some circumstances which came out in the testimony for the State (that W. D. Howard and Thomas Lindsey had quarreled a short while before, and that at the time of receiving the blow on the head by a rock, Howard was advancing towards Thomas Lindsey with a knife in his hand), which made it not improper for the Court to instruct the jury as to the law of self-defense. But in charging the language quoted, we think he charged in respect to the facts. The charge assumes that the defendants were claiming to act in self-defense, and did something under the apprehension that they were acting in self-defense; whereas, defendants were contending in evidence that they did not strike any blow at all, that they were standing some distance away talking to Mrs. Smith, when Howard was struck by some one else. Of course, the evidence for the State combatted this view, but the jury were the sole judges of the force of the testimony.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.