### STATE v. WILLIE PRINCE.

(Filed 22 September, 1943.)

**1. Homicide §§ 4b, 5, 16—**

The intentional killing of a human being with a deadly weapon implies malice and raises a rebuttable presumption of murder in the second degree.

**2. Homicide §§ 16, 27a, 27d—**

In a homicide case, where proofs or admissions have raised a presumption of murder in the second degree, the law then casts upon the defendant the burden of proving to the satisfaction of the jury—not by the greater weight of the evidence nor beyond a reasonable doubt, but simply to the satisfaction of the jury—the legal provocation that will rob the crime of malice and thus reduce it to manslaughter, or that will excuse it altogether upon the grounds of self-defense, accident or misadventure; and a charge that proof "to the satisfaction of the jury" requires a stronger intensity and higher degree of proof than what is described as proof "by the greater weight of the evidence" is erroneous and entitles defendant to a new trial.

APPEAL by defendant from *Blackstock, Special Judge,* at March Term, 1943, of SWAIN.

Criminal prosecution upon an indictment charging defendant with murder of one Clarence Cable.

In the trial court the defendant entered plea of not guilty and relied upon a plea of self-defense.

On the call of the case for trial the solicitor for the State announced in open court that the State would not ask for a verdict of murder in the first degree, but would ask for a verdict of murder in the second degree or manslaughter, as the facts may warrant.

Verdict: Guilty of murder in the second degree.

Judgment: Confinement in State Prison for a term of not less than 20 nor more than 25 years.

The defendant appeals to the Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*B. C. Jones, R. B. Morphew, and R. L. Phillips for defendant, appellant.*

WINBORNE, J.  Portions of the charge to the jury, to which assignments of error 7 and 8 are directed and well taken, affect substantial right of defendant and exceptions thereto entitle him to a new trial.

It appears in the record on appeal that the court, after charging the jury with respect to the presumptions arising upon the admission or proof of an intentional killing of a human being with a deadly weapon, properly charged that upon such admission or proof the burden is upon the defendant to show to the satisfaction of the jury facts and circumstances sufficient to excuse the homicide or to reduce it to manslaughter. *S. v. Capps,* 134 N. C., 622, 46 S. E., 730; *S. v. Quick,* 150 N. C., 820, 64 S. E., 168; *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387; *S. v. Terrell,* 212 N. C., 145, 193 S. E., 161; *S. v. Bright,* 215 N. C., 537, 2 S. E. (2d), 541; *S. v. Sheek,* 219 N. C., 811, 15 S. E. (2d), 282, and numerous other cases.  Then, after stating that to meet this burden defendant is not required to prove beyond a reasonable doubt the facts upon which he relies in excuse or mitigation of the homicide, and after defining reasonable doubt, the court continued with the portions to which the above exceptions relate as follows: "But the defendant does not meet the requirement of the law when he satisfies the jury merely by the greater weight of the evidence of the truth of the facts he relies on in mitigation, justification or excuse.  By the greater weight of the evidence is meant simply evidence that is of greater or superior weight, or evidence that is more convincing, or evidence that carries greater assurance than that which is offered in opposition thereto."  Exception No. 7.  And "our court has said that the phrase 'to the satisfaction of the jury' is considered to bear a stronger intensity of proof than that 'or by the greater weight or preponderance of the evidence.'  So to prove a fact or facts to the satisfaction of the jury requires a higher degree of proof and signifies something more than a belief founded on the greater weight of the evidence, but does not require as high a degree or as strong an intensity of proof as proof beyond a reasonable doubt."  Exception No. 8.

The intensity of the proof required is that the jury must be satisfied.  Even proof by the greater weight of the evidence may be sufficient to satisfy the jury.  Hence, the correct rule as to the intensity of such proof is that when the intentional killing of a human being with a deadly weapon is admitted, or is established by the evidence, "the law then casts upon the defendant the burden of proving to the satisfaction of the

jury—not by the greater weight of the evidence nor beyond a reasonable doubt—but simply to the satisfaction of the jury . . . the legal provocation that will rob the crime of malice and thus reduce it to manslaughter, or that will excuse it altogether upon the grounds of self-defense, accident or misadventure." *S. v. Benson,* 183 N. C., 795, 111 S. E., 869.

However, there may be found in the opinions of the Court statements which if lifted from the context may support the charge as given, but when such statements are considered contextually the rule as generally stated requires that if there be evidence sufficient for the consideration of the jury, of which the court shall be the judge, the intensity of such evidence must be "simply to the satisfaction of the jury," of which the jury alone is the judge.

It is not deemed necessary to deal with other exceptions which may not recur on another trial.

New trial.