STATE v. EDWARD W. FLOYD.

(Filed 9 October, 1946.)

**Homicide § 16—**

> While in a prosecution for murder in the first degree the State has the burden of proving each of the essential elements of the crime, it is entitled to avail itself of the presumption of malice upon the showing of an intentional killing with a deadly weapon, with the burden upon it to complete its case by establishing the elements of premeditation and deliberation beyond a reasonable doubt.

APPEAL by defendant from *Burney, J.,* at April Term, 1946, of
NORTHAMPTON.

Criminal prosecution on indictment charging the defendant with the
murder of one Wade Cooke.

On the evening of 10 November, 1945, just after dark, the defendant
shot and killed his father-in-law, Wade Cooke, and his sister-in-law,
Rosa Cooke, while they were seated, with other members of the family,
at the supper table in their home in Northampton County. A third shot
was fired which injured another sister-in-law and the defendant's wife.
The firearm used was a .22 rifle apparently of the magazine type. The
defendant had been drinking, but was not drunk or crazy. He gave as
his reason for going berserk: "Sheriff, they have just provoked and
aggravated me so long about drinking I wanted to put an end to it."

The defendant's plea was that of mental irresponsibility. It was in
evidence that two of his uncles committed suicide, and a brother of the
defendant died in the insane asylum.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton,
Rhodes, and Moody for the State.*

*Gay & Midyette for defendant.*

STACY, C. J. The question for decision is whether error was com-
mitted in the following instruction to the jury: "When the killing is
shown to be intentional and without legal provocation, and without just
cause or excuse, or where the killing is shown to be done with a deadly
weapon or in a cruel and brutal manner, then the law implies that it was
done with malice."

It is the position of the defendant that in a prosecution for murder
in the first degree, the State must prove every element of the offense, *S. v.
Locklear,* 118 N. C., 1154, 24 S. E., 410, and cannot avail itself of the
presumption of malice arising from an intentional killing with a deadly
weapon, as this mounts the crime only to the level of murder in the
second degree. G. S., 14-17; *S. v. Prince,* 223 N. C., 392, 26 S. E. (2d),
875.

Proof of malice is one of the intermediate steps necessary to be taken
in a prosecution for murder in the first degree. In taking this step, the
State may rely upon the presumption which arises from an intentional
killing with a deadly weapon. It is true, the additional elements of pre-
meditation and deliberation, essential to constitute murder in the first
degree, are not presumed from an intentional killing with a deadly
weapon. These must be established beyond a reasonable doubt, and

found by the jury, before a verdict of murder in the first degree can be rendered against the accused. *S. v. Hawkins,* 214 N. C., 326, 199 S. E., 284; *S. v. Miller,* 197 N. C., 445, 149 S. E., 590. Still this would not deprive the State of the effect of an intervening presumption to the extent that it goes, or of evidence possessing under the law a degree of probative force beyond its natural tendency to produce belief. *McNeill v. McNeill,* 223 N. C., 178, 25 S. E. (2d), 615; *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398. "In those cases where the evidence establishes that the killing was with a deadly weapon, the presumption goes no further than that the homicide was murder in the second degree, and if the State seeks a conviction of murder in the first degree, it has the burden of proving beyond a reasonable doubt that the homicide was committed with deliberation and premeditation." *S. v. Perry,* 209 N. C., 604, 184 S. E., 545.

A careful perusal of the record leaves us with the impression that no error has been shown, and that the judgment follows the command of the law.

No error.