## STATE v. RAYMOND STATON.

(Filed 7 May, 1947.)

**1. Criminal Law § 53g—**

Where there is evidence of defendant's guilt of a less degree of the crime included in the bill of indictment, defendant is entitled to have the question submitted to the jury.

**2. Criminal Law § 81c (4)—**

Error in failing to submit the question of defendant's guilt of a lesser degree of the crime is not cured by a verdict of guilty of a higher offense, since it cannot be known whether the jury would have rendered a milder verdict if permitted to do so.

**3. Homicide § 16—**

Where the intentional killing with a deadly weapon is admitted or established, defendant has the burden of satisfying the jury of the absence of malice in order to escape conviction of murder in the second degree, and that it was justified in order to avoid conviction of manslaughter.

**4. Homicide § 27h—**

Defendant's evidence tended to show that he secreted himself at night in his barn in order to catch an intruder who had been entering the barn, that on the night in question a person approached defendant's cow stall, that defendant hailed him several times and shot and killed him after he had failed to answer and persisted in undoing the rope on the cow stall. Defendant testified that he apprehended his own life was in danger. *Held:* Upon defendant's testimony tending to show a want of malice, it was error for the court to refuse to submit the question of defendant's guilt of manslaughter.

APPEAL by defendant from *Armstrong, J.,* at October Mixed Term, 1946, of UNION.

Criminal prosecution on indictment charging the defendant with the murder of one Marsh White.

Raymond Staton and Marsh White were neighbors in Union County. They were also brothers-in-law, having married sisters, and were close friends. During the week of 11 August, 1946, they had been going backward and forward to a protracted meeting and had attended church together on the day of the homicide. Somebody had been going into Staton's barn at night. So on Sunday night, 18 August, in an effort to catch the intruder, Staton, armed with a shotgun, secreted himself in his crib shed. The night was dark. Someone came through the corn patch, crawled under the wire, next to the stable door, and was approaching the cow stall when the defendant began hailing him: "Who is that?" He called to him once or twice or six or seven times, and saw him undo the rope on the cow stall. "Then what did you do? A. He wouldn't answer me, and I thought he was going to shoot me, and so I just throwed it up and shot—shot one time."

The defendant then reported to his landlord and to the sheriff that he had shot someone. Not until the sheriff came to make an investigation did the defendant learn that he had shot his brother-in-law.

On the trial, the solicitor announced that he would not ask for a verdict of murder in the first degree, but only for a verdict of murder in the second degree, or manslaughter, as the evidence might warrant.

The court instructed the jury that one of two verdicts might be returned on the evidence, "namely, a verdict of guilty of murder in the second degree, or a verdict of not guilty, depending entirely upon which one of such two verdicts you find to be warranted by the law and the evidence." Exception.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's Prison for a period of not less than 10 years nor more than 20 years.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Tucker for the State.*

*Coble Funderburk for defendant.*

STACY, C. J. The instruction, here assigned as error, took from the jury any consideration of "the less degree" of the crime charged, to wit, manslaughter. In this, we think there was error. *S. v. Robinson,* 188 N. C., 784, 125 S. E., 617. *Cf. S. v. Keaton,* 206 N. C., 682, and *S. v. Capps,* 134 N. C., 622, 40 S. E., 730.

The rule is, that when it is permissible under the bill to convict the defendant of "a less degree of the same crime," and there is evidence to support a milder verdict, the defendant is entitled to have the different views presented to the jury under proper instructions, and an error in this respect is not cured by a verdict finding the defendant guilty of a higher offense, for in such case, it cannot be known whether the jury would have convicted of a less degree of the same crime if the different views, arising on the evidence, had been correctly presented in the court's charge. *S. v. Lee,* 206 N. C., 472, 174 S. E., 288.

It is also established practice that on trial for homicide, upon the admission or establishment of an intentional killing with a deadly weapon, the law casts upon the defendant the burden of satisfying the jury that the killing was without malice, if he would escape a conviction of murder in the second degree, and that it was justified if he would avoid a conviction of manslaughter. *S. v. Burrage,* 223 N. C., 129, 25 S. E. (2d), 393; *S. v. Davis,* 223 N. C., 381, 26 S. E. (2d), 869; *S. v. DeGraffenreid,* 223 N. C., 461, 27 S. E. (2d), 130; *S. v. Beachum,* 220 N. C., 531, 17 S. E. (2d), 674; *S. v. Sheek,* 219 N. C., 811, 15 S. E. (2d), 282; *S. v. Bright,* 215 N. C., 537, 2 S. E. (2d), 541.

Here, the defendant says the killing, if not justified, was at least without malice, and the jury should have been permitted to consider the evidence in this light. *S. v. Sheek, supra.* According to defendant's testimony, the deceased was more than a mere trespasser at the time of the shooting. *S. v. Brittain,* 89 N. C., 481; *S. v. Morgan,* 25 N. C., 186. He was trying to undo the latch to the cow stall, and refused to desist or to answer the defendant's many cries. This caused the defendant to apprehend that his own life was in danger. *S. v. Lipscomb,* 134 N. C., 689, 47 S. E., 44; *S. v. Craton,* 28 N. C., 164.

The fact that the jury deliberated three hours and forty minutes before returning a verdict within the confines of the charge would seem to indicate some hesitancy on their part. We think they should have been allowed to consider the issue of manslaughter.

New trial.