STATE v. EUGENE CHILDRESS.

(Filed 19 November, 1947.)

**1. Homicide § 27h—**

Defendant testified to the effect that he was a taxicab driver and carried a pistol in his taxi, that upon reaching home he took the gun in the house, and that the pistol accidentally discharged, inflicting fatal injury to his wife, as he was throwing it on the bed. *Held:* It was error for the court to fail to submit to the jury the question of defendant's guilt of manslaughter, and a new trial is awarded upon his appeal from conviction of murder in the second degree.

**2. Criminal Law § 53g—**

Where there is evidence of defendant's guilt of a less degree of the crime included in the bill of indictment, defendant is entitled to have the question submitted to the jury. G. S., 15-170.

**3. Criminal Law § 81c (4)—**

Error in failing to submit the question of defendant's guilt of a less degree of the crime is not cured by a verdict of guilty of a higher offense, since it cannot be known whether the jury would have rendered a milder verdict if permitted to do so.

**4. Homicide § 16—**

The rebuttable presumptions that the killing was unlawful and that it was done with malice do not arise from the mere fact of a killing with a deadly weapon, but it is also necessary that the killing be intentional in order for the presumptions to obtain.

**5. Same—**

The intensity of proof required to establish an intentional killing with a deadly weapon, where not admitted, is "beyond a reasonable doubt." The degree of proof required to rebut the presumption arising from an intentional killing with a deadly weapon, when established or admitted, is "to the satisfaction of the jury."

APPEAL by defendant from *Bobbitt, J.,* at July Term, 1947, of SURRY.

Criminal prosecution on indictment charging the defendant with the murder of Mary Childress.

When the case was called for trial, the solicitor announced that he would not prosecute on the capital charge, but would seek a verdict of murder in the second degree, or manslaughter, as the evidence might warrant. The defendant entered a plea of not guilty.

The evidence discloses that in the Spring of 1947, the defendant was a taxicab driver in the Town of Mount Airy. He lived with his wife at the home of his mother-in-law on Elm Street.

On 29 April, 1947, at about 5:45 p.m., the defendant's wife and her mother were in the kitchen of their home eating supper, when the defend-

ant arrived. The mother testified: "When Gene came home Mary got up from the table and went to the door to meet him; . . . they went into their room where they stayed. I did not hear any conversation between them. They were in there four or five minutes and I heard a gun fire and she called me and I went in there and found her standing there in the floor and Gene ahold of her by the arm and his pistol in his hand pointing in the direction of her stomach."

Mary Childress was shot in the pit of the stomach, and died as a result of the gunshot wound without ever speaking or making any statement.

There is also evidence that about three days prior thereto, the defendant was heard to say to his wife: "If you don't do what I told you, by G——, I will kill you."

The defendant testified that he usually carried a pistol in his taxicab. On the occasion in question, "after I got out of the car I reached in and got the gun and carried it on in. . . . My wife met me at the door . . . threw her arms around me and kissed me; . . . that was the usual occurrence and greeting when I went home. . . . We walked from the door to almost the foot of the bed . . ., she had her left arm around me, . . . and I started to pitch the gun on the bed and it went off. . . . She threw her arms up around my shouders at that time; I didn't think she was hit; she screamed and her mother came in the room."

The court instructed the jury that one of two verdicts might be returned on the evidence—guilty of murder in the second degree or not guilty.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's Prison for not less than 17 nor more than 29 years.

The defendant appeals, assigning as principal error the failure of the court to submit to the jury the less degree of the crime charged, to wit, manslaughter.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Folger & Folger and Woltz & Barber for defendant.*

STACY, C. J. The defendant is charged with the murder of his wife. He pleads uxoricide by misadventure. There is evidence to support the charge and there is evidence to support the defendant's plea. There is also evidence of manslaughter, *i.e.*, of an unlawful killing without malice. *S. v. Staton,* 227 N. C., 409. In these circumstances, the statute, G. S., 15-170, requires that the "less degree of the same crime" be submitted to the jury with proper instructions. *S. v. Ratcliff,* 199 N. C., 9, 153 S. E., 605; *S. v. Sheek,* 219 N. C., 811, 15 S. E. (2d), 282.

The general rule of practice is, that when it is permissible under the indictment, as here, to convict the defendant of "a less degree of the same crime," and there is evidence to support the milder verdict, the defendant is entitled to have the different views arising on the evidence presented to the jury under proper instructions, and an error in this respect is not cured by a verdict finding the defendant guilty of a higher degree of the same crime, for in such case, it cannot be known whether the jury would have convicted of the lesser degree if the different views, arising on the evidence, had been correctly presented in the court's charge. *S. v. Lee,* 206 N. C., 472, 174 S. E., 288; *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187; *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501.

An intentional killing with a deadly weapon raises two presumptions against the killer, first, that the killing was unlawful, and, second, that it was done with malice; and an unlawful killing with malice is murder in the second degree. *S. v. Floyd,* 226 N. C., 571, 39 S. E. (2d), 598; *S. v. DeGraffenreid,* 223 N. C., 461, 27 S. E. (2d), 130; *S. v. Burrage,* 223 N. C., 129, 25 S. E. (2d), 393. It should be noted that these presumptions arise only from an intentional killing with a deadly weapon; and, even then, they may be rebutted—in part by showing no malice which would reduce the offense to manslaughter, and altogether by showing self-defense, unavoidable accident or misadventure, which would excuse the homicide and deprive it of any unlawfulness. *S. v. Snead,* *ante,* 37; *S. v. Prince,* 223 N. C., 392, 26 S. E. (2d), 875; *S. v. Keaton,* 206 N. C., 682, 175 S. E., 296. The presumptions do not arise from the mere fact of a killing with a deadly weapon. *S. v. Debnam,* 222 N. C., 266, 22 S. E. (2d), 562; *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387; *S. v. Horton,* 139 N. C., 588, 51 S. E., 945. The deadly purpose of the use of the weapon, when accomplished, is what gives rise to the presumptions; and, unless admitted, this must be established by proof. *S. v. Ellison,* 226 N. C., 628, 39 S. E. (2d), 824; *S. v. Baker,* 222 N. C., 428, 23 S. E. (2d), 340; *S. v. Redman,* 217 N. C., 483, 8 S. E. (2d), 623.

The intensity of proof required to establish an intentional killing with a deadly weapon, where not admitted, is "beyond a reasonable doubt." The degree of proof required to rebut the presumption arising from an intentional killing with a deadly weapon, when established or admitted, is "to the satisfaction of the jury." *S. v. Harris,* 223 N. C., 697, 28 S. E. (2d), 232.

The exception addressed to the failure of the court to submit to the jury the lesser degree of the crime charged, *i.e.,* manslaughter, is well interposed and must be sustained.

New trial.