## STATE OF NORTH CAROLINA v. BARBARA ANN MATTHEWS.

(Filed 25 November, 1964.)

**Criminal Law §§ 32, 106;    Homicide § 23—**

An instruction that the burden was on defendant to prove self-defense to the satisfaction of the jury and that such degree of proof exceeds proof by the greater weight of the evidence is prejudicial error, since proof by greater weight of the evidence may be sufficient to satisfy the jury.

APPEAL by defendant from *Crissman, J.,* June 22, 1964 Criminal Session of RANDOLPH.

Defendant was indicted for the murder of her husband, Jack Benson Matthews, who died as the result of a single gunshot wound on February 26, 1964. At the trial the State did not seek a verdict of murder in the first degree but sought a conviction of murder in the second degree. The defendant pled not guilty and asserted a plea of self-defense.

The evidence disclosed that the married life of the deceased and defendant had been stormy from the beginning and marred as well by mutual distrust as by assaults by the husband upon the wife. After an evening of cat-and-mouse activity on the part of both, the deceased reached home first and retired. When defendant came in, he indicated to her that he did not want "to hear her mouth." She persisted, however, in an attempt to thrash over the events of the evening and to turn on the lamp in the bedroom as fast as he would turn it off. Whereupon, uttering threats that he was going to "stomp hell out of her and shut her mouth once for all," he started to get out of bed. When he put one foot on the floor, defendant reached for a pistol in the chest of drawers and shot him. He died shortly thereafter.

The jury returned a verdict of guilty of manslaughter. From a sentence of imprisonment defendant appealed.

*Attorney General Bruton and Assistant Attorney General Richard T. Sanders for the State.*

*Morgan, Byerly, Post, Van Anda & Keziah for defendant.*

PER CURIAM. Defendant assigns as error the following portion of the charge on her right of self-defense:

"(B)ut the defendant does not meet the requirement of the law when she satisfied you members of the jury merely by the greater weight of the truth of facts she relies on in mitigation, justification or excuse . . . So the Court charges you that for a person to prove

to the satisfaction of you members of the jury, that that is a degree of proof which might be said to be in between the proof beyond a reasonable doubt and proof by the greater weight of the evidence. So to prove a fact or facts to the satisfaction of you members of the jury requires a higher degree of proof and signifies something more than a belief founded upon the greater weight of the evidence, but it does not require as high a degree or as strong an intensity of proof as proof beyond a reasonable doubt."

The substance of this charge was held to be reversible error in *State v. Prince,* 223 N.C. 392, 26 S.E. 2d 875, wherein this Court laid down the correct rule as follows:

"The intensity of the proof required is that the jury must be satisfied. Even proof by the greater weight of the evidence may be sufficient to satisfy the jury. Hence, the correct rule as to the intensity of such proof is that when the intentional killing of a human being with a deadly weapon is admitted, or is established by the evidence, 'the law then casts upon the defendant the burden of proving to the satisfaction of the jury — not by the greater weight of the evidence nor beyond a reasonable doubt — but simply to the satisfaction of the jury . . . the legal provocation that will rob the crime of malice and thus reduce it to manslaughter, or that will excuse it altogether upon the grounds of self-defense, accident or misadventure.' *S. v. Benson,* 183 N.C. 795, 111 S.E. 869." *Id.* at 393, 26 S.E. 2d at 876.

His Honor's charge bore too heavily against defendant. Therefore, there must be a

New trial.