STATE v. WARNER FOWLER, ALIAS JOHNNY RINGO GRAHAM.

(Filed 2 November, 1966.)

**1. Homicide §§ 13, 23—**

The defendant's contention that the killing was accidental is not an affirmative defense and places no burden of proof on defendant, since the contention amounts only to a denial that defendant committed the crime by denying the essential element of intent, and an instruction to the effect that if the State had established an intentional killing with a deadly weapon, the burden was on defendant to prove the defense of unavoidable accident to render the killing excusable homicide, must be held for prejudicial error.

**2. Same—**

In a prosecution for murder, defendant has the burden of proving to the satisfaction of the jury facts in justification or mitigation of the homicide, and an instruction that the burden of proving such matters to the satisfaction of the jury required a higher degree of proof than proof by the greater weight of the evidence, is error, since proof by the greater weight of the evidence may be sufficient to satisfy the jury.

APPEAL from *Bundy, J.,* January 1966 Criminal Session of WAYNE. Defendant was tried on a bill of indictment charging him with first degree murder of W. B. Braswell. Defendant pleaded not guilty. Upon a verdict of guilty of murder in the first degree, with recommendation of mercy, judgment of life imprisonment was imposed. From this judgment defendant appeals, assigning numerous errors.

*Attorney General Bruton, Assistant Attorney General Bullock, and Assistant Attorney General Rich for the State.*
*Herbert B. Hulse and W. Harrell Everett, Jr., for defendant.*

BRANCH, J. Defendant contends and attempts to show by his evidence that the killing was accidental. He assigns as error that portion of the judge's charge as to accidental killing, in which the court stated:

"And if a defendant who has intentionally killed another with a deadly weapon would rebut the presumption arising from such showing or admission, he must establish to the satisfaction of the jury the legal provocation which would take from the crime the element of malice and thus reduce it to manslaughter, or which will excuse it altogether on the ground of self-defense, unavoidable accident, misadventure or other defense recognized by the law that would render it excusable homicide."

Here the learned trial judge apparently by inadvertence classified defendant's assertion of accidental killing with the defenses of self-defense or killing in the heat of passion, both affirmative defenses which a defendant must prove to the satisfaction of the jury. *State v. Beachum,* 220 N.C. 531, 17 S.E. 2d 674. A very lucid statement of the law relative to burden of proof in cases where defendant asserts that a killing was accidental is found in *State v. Phillips,* 264 N.C. 508, 142 S.E. 2d 337, where Sharp, J., speaking for the Court, said:

"A defendant's assertion that a killing with a deadly weapon was accidental is in no sense an affirmative defense shifting the burden of proof to him to exculpate himself from a charge of murder. On the contrary, it is merely a denial that the defendant has committed the crime, and the burden remains on the State to prove an intentional killing, an essential element of the crime of murder, before any presumption arises against the defendant. (Of course, accident will be no defense to a homicide committed in the perpetration of or in the attempt to perpetrate a felony. G.S. 14-17). To hold otherwise would impose conflicting burdens of proof on the same issue and create two irreconcilable rules pertaining to the same matter. The charge here, in effect, recognizes an intentional accident — an impossibility. In accident 'the will observes a total neutrality, and does not cooperate with the deed; which therefore wants one main ingredient of a crime.' 4 Blackstone, Commentaries 26 (12th Ed., Christian's, London, 1795). Manifestly, if the State has satisfied the jury beyond a reasonable doubt that the shooting was intentional, a defendant could not thereafter establish to the satisfaction of the jury that it was accidental. In addition to posing a practical and a logical impossibility, the charge robbed defendant of the presumption of innocence and the benefit of the requirement that the State prove each and every element of the offense. *State v. Dallas,* 253 N.C. 568, 117 S.E. 2d 415; *State v. Cephus,* 239 N.C. 521, 80 S.E. 2d 147. . . .

" 'The plea of accidental homicide, if indeed it can be properly called a plea, is certainly not an affirmative defense, and therefore does not impose the burden of proof upon the defendant, because the State cannot ask for a conviction unless it proves that the killing was done with criminal intent.' *State v. Ferguson*, 91 S.C. 235, 244, 74 S.E. 502, 505. 'It is the duty of the State to allege and prove that the killing, though done with a deadly weapon, was intentional or willful. * * * (T)he claim that the killing was accidental goes to the very gist of the charge, and denies all criminal intent, and throws on the prosecution the burden of proving such intent beyond a reasonable doubt.' *State v. Cross*, 42 W. Va. 253, 24 S.E. 996, 997. Accord, *State v. Matheson*, 130 Iowa 440, 103 N.W. 137; *State v. Budge*, 126 Me. 223, 137 Atl. 244, 53 A.L.R. 241; *State v. Hazlett*, 16 N.D. 426, 113 N.W. 374; *Scott v. Lindsey*, 68 S.C. 276, 47 S.E. 389; *Hardin v. State*, 57 Tex. Crim. 401, 123 S.W. 613; 26 Am. Jur., Homicide §§ 106, 290 (1940); 40 C.J.S., Homicide, § 196 (1944)."

Hence, the defendant is not required to prove "to the satisfaction of the jury" that the killing was accidental, and where, as here, the charge so shifted the burden of proof to the defendant it bore too heavily on him. This assignment of error is sustained.

Defendant also assigns as error the court's instruction as to the intensity of proof required of him to satisfy the jury of facts in excuse, justification or mitigation of the homicide. In this connection, the trial judge charged:

"When an intentional killing has been admitted or established, the law presumes malice from the use of a deadly weapon, and the defendant is guilty of murder in the second degree unless he can satisfy the jury of the truth of the facts which justify his act, or mitigate it to manslaughter. The burden is on the defendant to establish such facts to the satisfaction of the jury, unless they arise out of the evidence against him. However, to meet this burden the defendant is not required to prove beyond a reasonable doubt the facts he relies on in mitigation, justification or excuse. Proof beyond a reasonable doubt requires the highest intensity of proof known to our law. Our Supreme Court has this to say. 'To satisfy the jury beyond a reasonable doubt' means that the jury must be fully satisfied, or entirely convinced, or satisfied to a moral certainty of the truth of the charge. But the defendant does not meet the requirements of the law when he satisfies the jury merely by the greater weight of the evidence of the truth of the facts he relies on in

mitigation, justification or excuse. By the greater weight of the evidence is meant simply evidence that is of greater or superior weight, or evidence that is more convincing, or evidence that carries greater assurance than that which is offered in opposition thereto."

"Our Supreme Court has said that the phrase 'to the satisfaction of the jury' is considered to bear a stronger intensity of proof than that of by the greater weight of the evidence or preponderance of the evidence. So to prove a fact or facts to the satisfaction of the jury requires a higher degree of proof and signifies something more than a belief founded on the greater weight of the evidence; but it does not require as high a degree or as strong an intensity of proof as proof beyond a reasonable doubt."

The above portion of the court's charge is almost identical in content to the charge given by the trial judge in the case of *State v. Prince*, 223 N.C. 392, 26 S.E. 2d 875. The Court in holding that the charge constituted reversible error in the *Prince* case, said:

"The intensity of the proof required is that the jury must be satisfied. Even proof by the greater weight of the evidence may be sufficient to satisfy the jury. Hence, the correct rule as to the intensity of such proof is that when the intentional killing of a human being with a deadly weapon is admitted, or is established by the evidence, 'the law then casts upon the defendant the burden of proving to the satisfaction of the jury — not by the greater weight of the evidence nor beyond a reasonable doubt — but simply to the satisfaction of the jury . . . the legal provocation that will rob the crime of malice and thus reduce it to manslaughter, or that will excuse it altogether upon the grounds of self-defense, . . .' "

This decision has been approved and upheld by the Court in the recent *per curiam* decision in *State v. Matthews*, 263 N.C. 95, 138 S.E. 2d 819.

The assignments of error herein discussed are meritorious and are clearly sustained by the decisions of this Court.

We deem any discussion of the other assignments of error unnecessary, since there must be a

New trial.