STATE OF NORTH CAROLINA v. MONROE CALLOWAY.

(Filed 17 April 1968.)

**1. Homicide § 14—**

When the intentional killing of a human being with a deadly weapon is admitted or is established by the evidence, the burden is on the defendant to prove to the satisfaction of the jury the legal provocation that will rob the crime of malice and thus reduce it to manslaughter, or the legal justification that will excuse it altogether upon the ground of self-defense, and this burden may be carried by evidence offered by the defendant, or by the State, or both, it being for the court to determine whether there is sufficient evidence for consideration by the jury and for the jury to determine what intensity of proof satisfies it.

**2. Homicide § 24—**

An instruction that the burden is on defendant to prove self-defense to the satisfaction of the jury and that such degree of proof exceeds proof

by the greater weight of the evidence, *is held* prejudicial, since proof by a bare preponderance of the evidence, or by the greater weight of the evidence, may be sufficient to satisfy the jury.

**3. Same;   Criminal Law § 172—**

An erroneous instruction upon the intensity of proof required to satisfy the jury of matters in mitigation or justification of homicide is not cured by defendant's conviction of manslaughter, since defendant's defense of self-defense, if established to the jury's satisfaction, would entitle him to an acquittal.

APPEAL by the defendant from *Falls, J.,* November, 1967, Session, YANCEY Superior Court.

The defendant was charged in a bill of indictment with the murder of Louis Banks on 24 August 1967. He was arraigned upon the charge of murder in the second degree, pleaded not guilty, and relied upon the defense of self-defense. The jury returned a verdict of guilty of manslaughter, and from judgment of imprisonment the defendant appealed.

*T. W. Bruton, Attorney General, by Ralph Moody, Deputy Attorney General, for the State.*

*Bill Atkins and Fouts and Watson by Dover R. Fouts, for defendant appellant.*

BROCK, J.   The defendant assigns as error the instruction to the jury by the Court defining the intensity of proof required of the defendant to establish his plea of self-defense. Regarding that the trial judge instructed the jury as follows:

"When an intentional killing is admitted or established, the law presumes malice from the use of a deadly weapon. And the defendant is guilty of murder in the second degree unless he can satisfy the jury of the truth of facts which justify his act or mitigate it to manslaughter.

"The burden is on the defendant to establish such facts to the satisfaction of the jury, unless they arise out of the evidence against him. However, to meet the burden the defendant is not required to prove beyond a reasonable doubt the facts he relies on in mitigation, justification or excuse. Proof beyond a reasonable doubt calls for the highest intensity of proof known to our law.

"To satisfy a jury beyond a reasonable doubt means that they must be fully satisfied, or entirely convinced, or satisfied to a moral certainty of the truth of the charge. *But the defend-*

*ant does not meet the requirement of the law when he satisfies the jury merely by the greater weight of the evidence of the truth of the facts he relies on in mitigation, justification or excuse.* (Emphasis added.)

"By the greater weight of the evidence, that is more convincing, or evidence that carries greater weight, greater assurance than that which is offered in opposition thereto. *(sic)*

*"By the phrase 'to the satisfaction of the jury' is considered to bear a stronger intensity of proof than that by the greater weight or preponderance of the evidence.*

*"So, to prove a fact or facts to the satisfaction of the jury requires a higher degree of proof, and signifies something more than a belief founded on the greater weight of the evidence,* but does not require as high a degree or as strong an intensity of proof as proof beyond a reasonable doubt." (Emphasis added.)

The foregoing instruction clearly places upon the defendant a burden of proof of more intensity than "by the greater weight of the evidence." An instruction containing almost the exact words as the last paragraph of the foregoing instruction was disapproved in a *per curiam* opinion by our Supreme Court in *State v. Matthews,* 263 N.C. 95, 138 S.E. 2d 819.

Nevertheless, the Attorney General strenuously urges that a consideration of the entire portion of the instructions as set out above leads to the conclusion that it follows the law as laid down in *State v. Carland,* 90 N.C. 664.

In 1845, The Supreme Judicial Court of Massachusetts, in the landmark case of *Commonwealth v. York,* 9 Metc. 93, laid down the rule that justification for a homicide must be established by "preponderating proof." In 1855, The Supreme Court of North Carolina, in the case of *State v. Johnson,* 48 N.C. 266, adopted the rule that justification for a homicide must be established "beyond a reasonable doubt." In 1864, The Supreme Court of North Carolina, in the case of *State v. Ellick,* 60 N.C. 450, without mentioning either *Commonwealth v. York,* or *State v. Johnson,* announced the rule to be that justification for a homicide must be established "to the satisfaction of the jury." Then, in 1868, in the case of *State v. Willis,* 63 N.C. 26, The Supreme Court of North Carolina approved the rule of *State v. Ellick (to the satisfaction of the jury)* and specifically rejected the rule of *Commonwealth v. York (preponderating proof),* and the rule of *State v. Johnson (beyond a reasonable doubt).* In *State v. Willis,* the Court said this:

"We prefer to stand *super antiquas vias,* and to adhere to

the rules laid down in *State v. Ellick*, 60 N.C. 450. In that case the erroneous statement which we had inadvertently made in *State v. Johnson*, 48 N.C. 266, that it was incumbent on the prisoner to establish the matters of excuse or extenuation beyond a reasonable doubt, is corrected. In it is also corrected what we consider as erroneous in the decision of the Court in *Commonwealth v. York*, that the matter of excuse or extenuation which the prisoner is to prove must be decided according to the preponderance of evidence. It is more correct to say, as we think, that they must be proved to the satisfaction of the jury."

In *State v. Carland, supra,* relied upon by the Attorney General, the Supreme Court was considering an instruction to the jury as follows:

"When the prisoner comes to show his matters of excuse or mitigation, he is not required to prove these matters beyond a reasonable doubt, but he is required to prove them to the satisfaction of the jury; but the degree of proof is not so far relaxed that he may establish his matters of excuse or mitigation by a *bare preponderance* of proof, but must do so to the satisfaction of the jury."

In overruling the exception to the quoted portion of the instructions, the Court said:

"We are unable to see in what respect the charge of his Honor is obnoxious to the prisoner's exception. The plain meaning of the instruction is, that a *bare* preponderance of proof will not do to show matters of mitigation or excuse, unless it produces satisfaction of their truth in the minds of the jury. We can well conceive of cases where there may be a bare or slight preponderance of proof on one side, which yet fails to produce satisfaction, and still leaves the mind in an uncertain and dubious state. His meaning evidently is, and so we think any one would take it, that the jury must be *satisfied;* and if not satisfied, a bare preponderance of evidence will not do."

In its decision the Court recognized that *State v. Ellick, supra,* and *State v. Willis, supra,* had rejected the rule of *Commonwealth v. York, supra,* (preponderating proof), and had rejected the rule of *State v. Johnson, supra* (beyond a reasonable doubt). Clearly in this case the Court was approving the rule of *State v. Ellick* and *State v. Willis* (proof to the satisfaction of the jury). In the above quoted portion of the opinion in the *Carland* case, the Court did not require

more than a bare preponderance of the evidence. On the contrary, it specifically recognized that matters in mitigation or excuse established by a bare preponderance of the evidence would suffice, if it produces satisfaction of their truth in the minds of the jury.

The *Carland* case has been cited numerous times through the years by our Supreme Court in support of the rule that the burden of proof is upon the defendant to establish matters in mitigation or justification of a homicide to the satisfaction of the jury — not by the greater weight of the evidence nor beyond a reasonable doubt — but simply to the satisfaction of the jury. *State v. Benson,* 183 N.C. 795, 111 S.E. 869; *State v. Smith,* 187 N.C. 469, 121 S.E. 737; *State v. Meares,* 222 N.C. 436, 23 S.E. 2d 311.

We reiterate here what was said by the Court in *State v. Prince,* 223 N.C. 392, 26 S.E. 2d 875, where it was considering an instruction very similar to the instruction given by Judge Falls.

> "However, there may be found in the opinions of the Court statements which if lifted from the context may support the charge as given, but when such statements are considered contextually the rule as generally stated requires that if there be evidence sufficient for the consideration of the jury, of which the court shall be the judge, the intensity of such evidence must be 'simply to the satisfaction of the jury,' of which the jury alone is the judge."

It is clear that the defendant is not required to prove his matters in mitigation or justification of a homicide "beyond a reasonable doubt," for this would be too heavy a burden to impose upon the defendant. *State v. Ellick, supra.* But the intensity of the proof required to "satisfy the jury" of the truth of matters in mitigation or justification of a homicide cannot be defined by the Court as being "less than," "the same as," or "more than" the greater weight of the evidence or the preponderance of the evidence. Stansbury, N. C. Evidence 2d, § 214. A bare preponderance of the evidence may be sufficient to satisfy the jury. *State v. Carland, supra.* Also, proof by the greater weight of the evidence may be sufficient to satisfy the jury. *State v. Prince, supra.*

When the intentional killing of a human being with a deadly weapon is admitted, or is established by the evidence, the law then casts upon the defendant the burden of proving to the satisfaction of the jury the legal provocation that will rob the crime of malice and thus reduce it to manslaughter, or the legal justification that will excuse it altogether upon the ground of self-defense. This

burden may be carried by evidence offered by the defendant, or by the evidence offered against him, or both.

It is for the Court to determine whether there is sufficient evidence for consideration by the jury, and it is for the jury to determine what intensity of proof satisfies it. *State v. Prince, supra.*

The trial judge committed error in his charge because it put too heavy a burden upon the defendant.

The Attorney General asserts that if there was error in the charge it was not prejudicial to the defendant because the defendant was only convicted of manslaughter. This position cannot be sustained. The defendant's defense was self-defense, which, if established to the satisfaction of the jury, would entitle him to an acquittal. The charge as given imposed on the defendant an erroneous burden of proof to establish his defense.

New trial.

MALLARD, C.J., and PARKER, J., concur.