STATE OF NORTH CAROLINA v. JAMES STRICKLAND AND AUBREY GENE TUCKER

No. 6920SC118

(Filed 26 February 1969)

1. Robbery § 5— armed robbery — submission of common law robbery

In a prosecution for robbery with a dangerous weapon, where the court did not rule that the pocketknife allegedly used in the robbery was a dangerous weapon but submitted that question to the jury for its determination, it was prejudicial error for the court to refuse to submit to the jury the lesser offense of common law robbery.

**2. Criminal Law § 172— failure to submit lesser offense — whether cured by verdict**

The error of failure to submit to the jury the question of guilt of a lesser included offense is not cured by a verdict convicting defendant of the higher offense.

APPEAL by defendants from *Seay, J.,* 28 October 1968 Session, UNION Superior Court.

Defendants were tried jointly upon identical bills of indictment charging each defendant with the felony of robbery with a dangerous weapon. From verdicts of guilty of robbery with a dangerous weapon, and from judgments of confinement entered thereon, each defendant appealed.

*Robert Morgan, Attorney General, by James F. Bullock, Deputy Attorney General, for the State.*

*Robert B. Clark for defendant James Strickland.*

*James E. Griffin for defendant Aubrey Gene Tucker.*

BROCK, J.

The State offered evidence which tended to show that the defendants used a pocketknife in effecting the alleged robbery. Neither of the defendants offered evidence. Without recounting the circumstances of the use of the pocketknife, we feel it is sufficient for present purposes to discuss only the instructions upon which the trial judge submitted the case to the jury.

[1] The trial judge did not rule that the pocketknife described by the State was a dangerous weapon; he submitted that question to the jury for its determination. Having done so, it would therefore have been possible, under the court's instructions, for the jury to have failed to find that the described pocketknife was a dangerous weapon. It follows then that it was incumbent upon the trial judge to submit the lesser offense of common law robbery to the jury; this he was requested by the defendants to do and refused. This refusal we hold to be error.

[2] The error of failure to submit to the jury the question of guilt of the lesser included offense is not cured by a verdict convicting the defendants of the higher offense. *State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27; *State v. Calloway,* 1 N.C. App. 150, 160 S.E. 2d 501.

There are other assignments of error which may have merit, but,

since they probably will not reoccur, we refrain from discussing them.

Trial *De Novo.*

CAMPBELL and MORRIS, JJ., concur.