259 S.E.2d 899 (1979)
298 N.C. 788
STATE of North Carolina
v.
Carlton Donnell MONTAGUE.
No. 64.
Supreme Court of North Carolina.
December 4, 1979.
*902 Rufus L. Edmisten, Atty. Gen., by Thomas J. Ziko, Associate Atty. Gen., Raleigh, for the State.
W. G. Ransdell, Jr., Raleigh, for defendant-appellant.
BRANCH, Chief Justice.
Defendant first assigns as error the failure of the trial judge to charge on self-defense.
The court is required to charge on all substantial and essential features of a case which arise upon the evidence, even absent a special request for the instruction. When supported by the evidence, self-defense is a substantial and essential feature of a criminal case. State v. Deck, 285 N.C. 209, 203 S.E.2d 830 (1974). Therefore, the answer to this assignment of error lies in whether there was sufficient evidence to support an instruction on self-defense. In resolving this question, the facts must be interpreted in the light most favorable to defendant, and when his evidence is sufficient to invoke the doctrine of self-defense, the instruction must be given even though the State's evidence is contradictory. State v. Watkins, 283 N.C. 504, 196 S.E.2d 750 (1973).
"One may kill in self-defense if he is without fault in bringing on the affray, and it is necessary or appears to him to be necessary to kill his adversary to save himself from death or great bodily harm the reasonableness of his apprehension being for the jury to determine from the circumstances as they appeared to him." 6 Strong's N.C. Index 3d, Homicide, sec. 9 (1978). Thus, if a person willingly and aggressively without legal provocation or excuse enters into a fight, he cannot invoke the doctrine of self-defense. State v. Watkins, supra; State v. Randolph, 228 N.C. 228, 45 S.E.2d 132 (1947).
Here the evidence discloses that when the Shaw students first passed defendant and his companions, defendant produced a pistol and said, "Well, if they really want to start something, I got something too." When the students returned from the store on the way to the Shaw campus, McArthur and Norris exchanged some insulting words and Chesley walked toward Norris. At this point, no one had spoken to or in any way threatened defendant. Even so, from his place of safety on the wall, he shouted, "Y'all call home boy," and thereupon took his pistol from his backpack. After defendant moved to obtain his pistol, Chesley took two or three steps toward defendant. Defendant then ran behind Norris into the street and fired the fatal shots. It appears from the evidence that defendant left a place of safety and aggressively and willingly entered into a fight without lawful excuse or adequate provocation. The trial judge, therefore, correctly refused to instruct on self-defense.
Defendant next assigns as error the failure of the trial judge to submit and instruct on the lesser included offense of voluntary manslaughter.
Voluntary manslaughter is a lesser included offense of murder in the first degree, and when there is evidence to support the lesser included offense, defendant is entitled to have voluntary manslaughter submitted to the jury under proper instructions. State v. Duboise, 279 N.C. 73, 181 S.E.2d 393 (1971); State v. Robinson, 188 N.C. 784, 125 S.E. 617 (1924).
We need not consider defendant's argument that defendant was entitled to this *903 instruction on the ground that while acting in self-defense, he used excessive force since we have held that his evidence does not support a claim of self-defense. However, defendant strongly argues that voluntary manslaughter should have been submitted to the jury on the theory that defendant fired the fatal shots while under the influence of sudden passion aroused by adequate provocation.
Murder in the second degree is the unlawful killing of a human being with malice but without premeditation and deliberation. Presumptions that a homicide was unlawful and done with malice arise upon proof or admission of an intentional killing with a deadly weapon and also when the defendant intentionally assaults another with a deadly weapon and thereby proximately causes the death of the person assaulted. State v. Woods, 278 N.C. 210, 179 S.E.2d 358 (1971); State v. Gordon, 241 N.C. 356, 85 S.E.2d 322 (1955).
Voluntary manslaughter is the unlawful killing of a human being without malice, express or implied, and without premeditation or deliberation. (Citations omitted.) One who kills a human being while under the influence of passion or in the heat of blood produced by adequate provocation is guilty of manslaughter. (Citations omitted.)
State v. Wynn, 278 N.C. 513, 518, 180 S.E.2d 135, 139 (1971).
In order for a homicide to be reduced from second-degree murder to voluntary manslaughter on the theory that a defendant acted under the influence of sudden passion, the heat of passion suddenly aroused by provocation must be of such nature as the law would deem adequate to temporarily dethrone reason and displace malice. State v. Ward, 286 N.C. 304, 210 S.E.2d 407 (1974), modified, 428 U.S. 903, 96 S.Ct. 3206, 49 L.Ed.2d 1207 (1976). Mere words however abusive are not sufficient provocation to reduce second-degree murder to manslaughter. Legal provocation must be under circumstances amounting to an assault or threatened assault. State v. Watson, 287 N.C. 147, 214 S.E.2d 85 (1975).
The State's evidence was sufficient to make out a case of second-degree murder. The State's evidence does not permit a reasonable inference that the killings resulted from such provocation as would temporarily dethrone reason and displace malice. Defendant's evidence tended to show that he did not intentionally assault anyone with a deadly weapon and if anyone was fatally injured by the use of his weapon, it was accidental or at most the injury proximately resulted from his culpable negligence. Therefore, defendant's evidence, if believed, would support a verdict of not guilty by reason of accident or a verdict of involuntary manslaughter, both of which were properly submitted by the trial judge. His evidence was not consistent with a mitigation of second-degree murder to voluntary manslaughter on the ground that he acted under the influence of heat of passion upon sudden provocation.
Defendant contends that the element of malice was rebutted by his evidence even though it did not fall within the definition of self-defense or heat of passion. In support of his position, defendant relies upon State v. Childress, 228 N.C. 208, 45 S.E.2d 42 (1947), and State v. Staton, 227 N.C. 409, 42 S.E.2d 401 (1947).
In Staton defendant was hidden in a corncrib in an attempt to catch an intruder who had been going into his barn. On that night, a person approached the cow stall, and despite defendant's repeated calls of "who is there," the intruder proceeded to undo the rope securing the cow stall. Defendant thinking is own life was in danger fired and killed his own brother-in-law. The Court found error in the trial in that the lesser included offense of manslaughter was not submitted to the jury. In so holding, the Court failed to state whether the lesser included offense to be submitted was the offense of voluntary manslaughter or involuntary manslaughter. Obviously, the Court concluded that defendant was acting in self-defense and that the jury should have considered the question of whether defendant used excessive force so as to require *904 the submission of voluntary manslaughter as a possible verdict.
In Childress defendant, a taxi driver, came home from work and was met at the front door by his wife who had been eating supper with her mother. Defendant and his wife went to their bedroom, and in about four or five minutes, defendant's mother-in-law heard a gun fire and then heard her daughter call for her. Upon entering the bedroom, she observed the defendant and his wife standing erect; defendant was holding his wife's arm with one hand and was pointing a pistol toward her with his other hand. Defendant's wife was fatally wounded by the gunshot wound. Defendant testified that the pistol accidentally discharged when he attempted to throw it on the bed. In ordering a new trial, this Court held that the lesser included offense of manslaughter should have been submitted to the jury. Again, the Court failed to state whether voluntary manslaughter or involuntary manslaughter should have been submitted; however, the evidence would have supported a verdict of not guilty on the theory of accident or a verdict of involuntary manslaughter on the grounds of culpable negligence.
We are unable to find any cases in this jurisdiction in which the presumption of malice arising from the intentional assault of another with a deadly weapon may be rebutted except in cases involving self-defense or heat of passion. Neither Staton nor Childress controls the factual situation in the case before us for decision.
The defendant received a fair trial free of prejudicial error.
NO ERROR.