## STATE v. TROY McNEILL.

(Filed 20 October, 1948.)

**1. Homicide § 16—**

The killing of a human being with a deadly weapon must be intentional in order to raise the presumptions that the killing was unlawful and that it was done with malice.

**2. Homicide § 27h—**

Evidence for the State which tends to show that defendant had beaten his wife on many previous occasions, and that on the occasion in question he had been drinking and brutally beat her with a poker or other instrument, and that death ensued from the injuries thus inflicted, *is held* to require the submission to the jury of the question of defendant's guilt of manslaughter, since the evidence is susceptible to the interpretation that the killing was not intentional. G. S., 15-170.

**3. Criminal Law § 81c (5)—**

The verdict of guilty of the offense charged in the indictment does not cure error of the court in failing to submit to the jury the question of defendant's guilt of less degrees of the crime.

**4. Criminal Law § 53h—**

The failure of defendant to testify in his own behalf should not be made the subject of comment by the court except to inform the jury that a defendant may or may not testify in his own behalf as he may see fit, and that his failure to testify does not create any presumption against him. G. S., 8-54.

APPEAL by defendant from *Frizzelle, J.,* at May Term, 1948, of HARNETT.

Criminal prosecution upon indictment charging the defendant with the felonious slaying of his wife, Ernestine McNeill.

The evidence tends to show that the defendant was in his home on Sunday evening, 21 March, 1948, and that he had been drinking. His wife had been away, but came home about dark. He complained to her about her absence and then started beating her. He continued at intervals to beat her with a stick, a poker or some other instrument until a late hour of the night. In the meantime his daughter tried to intervene and he began beating her. She defended herself and escaped. A son, 15 years of age, was driven from the house and the defendant fired at him twice with a shotgun as the boy fled. The children returned later and their mother requested them to get someone to take her to a doctor. The defendant refused to let them leave the house. The deceased died about 4:30 a.m., on the morning of 22 March, 1948. According to the State's evidence, the defendant had beat his wife on many previous occasions.

The defendant did not go upon the stand or offer any evidence in his behalf.

Verdict: Guilty of murder in the first degree. Judgment: Death by asphyxiation. The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Everette Doffermyre and Charles Ross for defendant.*

DENNY, J.   In the trial below, the court instructed the jury it might return one of three verdicts, to wit: Guilty of murder in the first degree, guilty of murder in the second degree, or not guilty. The jury was then instructed there was no evidence in this case to warrant its submission to the jury on the question of manslaughter, and "therefore, the Court instructs the jury that you should not in any event find the defendant guilty of manslaughter." To this the defendant excepted and assigns it as error.

It is disclosed by the record that the defendant had beaten his wife on numerous occasions prior to the one which resulted in her death. His conduct on the night of 21 March, 1948, was indefensible. His attack on his wife was brutal in the extreme. Even so, in the light of all the State's evidence, we think it was error to exclude from the jury any consideration of manslaughter.

The intentional killing of a human being with a deadly weapon raises two presumptions, first, that the killing was unlawful, and, second, that it was done with malice; but these presumptions do not arise from the mere killing with a deadly weapon. *S. v. Childress,* 228 N. C., 208, 45 S. E. (2d), 42; *S. v. Debnam,* 222 N. C., 266, 22 S. E. (2d), 562. The killing with a deadly weapon must be intentional to raise these presumptions.

We think the evidence on this record does raise a question as to whether or not the defendant intentionally killed his wife with a deadly weapon. This being so, "the statute G. S. 15-170 requires that the 'less degree of the same crime' be submitted to the jury with proper instructions." *S. v. Childress, supra.* And the fact that the jury convicted the defendant of murder in the first degree does not cure the error. *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501; *S. v. Thomas,* 184 N. C., 757, 114 S. E., 834; *S. v. Robinson,* 188 N. C., 784, 125 S. E., 617; *S. v. Lee,* 206 N. C., 472, 174 S. E., 288; *S. v. Burnette,* 213 N. C., 153, 195 S. E,. 356; *S. v. Childress, supra.*

The defendant also excepts and assigns as error the following portion of his Honor's charge: "The Court calls your attention to the fact that the defendant not only did not offer any testimony in his behalf, but did

not go on the witness stand as a witness in his own behalf. One placed on trial charged with the violation of the criminal law in this State has the right to elect whether he will or will not go upon the witness stand and give the jury the benefit of his version of the matter under review. The law says that in case the defendant elects not to go on the witness stand and testify that fact and circumstance shall not be considered against him prejudicially by the jury. It is not to be construed by the jury as a confession or acknowledgment by the defendant of his guilt."

The State contends this charge was not improper in view of the opinion in *S. v. Horne*, 209 N. C., 725, 184 S. E., 470. We concede the two charges are somewhat similar. However, since there must be a new trial in this case, we wish to call attention to the fact that the failure of a defendant to go upon the witness stand and testify in his own behalf should not be made the subject of comment, except to inform the jury that a defendant may or may not testify in his own behalf as he may see fit, and his failure to testify "shall not create any presumption against him." G. S., 8-54.

For the reasons stated there must be a new trial, and it is so ordered.

New trial.