STATE OF NORTH CAROLINA v. JIM HAITH
— AND —
STATE OF NORTH CAROLINA v. JERRY MILES

No. 7015SC57

(Filed 1 April 1970)

**1. Criminal Law § 92— consolidation of cases for trial — discretion of court**

Trial court had the discretion to allow a motion to consolidate for trial charges of felonious assault against two defendants.

**2. Criminal Law § 86— impeachment of defendant — prior convictions**

For the purpose of impeaching defendant's credibility as a witness, the solicitor may cross-examine him as to collateral matters, including other criminal offenses and degrading actions, provided the questions are based on information and are asked in good faith.

**3. Assault and Battery § 14— intent to kill — serious bodily injury — sufficiency of evidence**

In this prosecution for felonious assault, the trial court properly denied defendants' motion to dismiss "insofar as the intent to kill or resulting in serious bodily injuries."

**4. Assault and Battery § 15— felonious assault — instructions**

In this prosecution for felonious assault, the trial court did not fail to instruct the jury in accordance with G.S. 1-180.

**5. Assault and Battery § 17— assault with a deadly weapon — punishment**

Sentence of imprisonment of not less than 18 nor more than 24 months for assault with a deadly weapon is within the limits set by G.S. 14-33 and is not excessive.

APPEAL by defendants from *Brewer, J.,* August 1969 Session of ALAMANCE County Superior Court.

Jim Haith was tried on a bill of indictment, in proper form, charging him with felonious assault on Clifton Sellars. Jerry Miles was similarly charged with felonious assault on Roosevelt Sellars. The cases were consolidated for trial. Both defendants were represented at their trial by the same privately employed counsel who represents them on this appeal.

Evidence for the State, in pertinent part, tended to show the following: On 26 May 1969 Clifton and Roosevelt Sellars were at "Mrs. Moody's Dance Hall" in Alamance County. Subsequently, the defendants, Jerry Miles and Jim Haith arrived in a black Oldsmobile. Around midnight Miles and Haith came up to where Clifton and Roosevelt were sitting. Both defendants opened up and displayed

"hookbill knives." Haith announced, "We are going to have a curfew on tonight." Miles then struck Clifton and Roosevelt with his fist. Clifton started running and was pursued by Haith who grabbed him by the shoulder and cut him from the right shoulder down to the middle of his back. Clifton continued to run and got away. Haith yelled, "I tried to kill him, I tried to kill him." Clifton was later taken to the hospital where about 77 stitches were taken to sew up his wounds. While Haith was thus occupied with Clifton, Miles cut Roosevelt on the arm, neck and "on the back of his head down to his ear." Roosevelt ran away and was later treated at the hospital where seven stitches were taken to sew up his arm and eleven to close the lacerations on his head. There were knife scratches on his neck. Roosevelt testified that he had known Haith for about four years but knew Miles only as a member of a gang that Miles runs around with which is known as the "Rawhut Street Gang." Clifton and Roosevelt Sellars are brothers and live on a farm in Caswell County.

The defendant, Jerry Miles, testified on direct examination, in part, as follows: He lives in Burlington and has been "tried of breaking, entering, interfering with the police and one traffic violation." He was in the dance hall when Clifton and Roosevelt Sellars were cut but he did not participate in the fight or cutting. He saw one George Miles cut both Clifton and Roosevelt Sellars. Jim Haith was not present when this took place.

Jim Haith testified, in part, as follows: He and his girl friend left the dance hall between 11:00 and 11:30 p.m. They first went to his mother's house and then to the home of his girl friend where he remained for about an hour. He did not return to the dance hall. During the time he was there he did not see Clifton or Roosevelt Sellars. The reason his girl friend was not in court was that her child was sick.

Garland Crisp, a witness for the defendants, testified that he saw the cuttings but did not see either of the defendants at the dance hall at the time of the fight. He saw George Miles cut both of the prosecuting witnesses. Bobby Isley, another witness for the defendants, testified: that he lives on Rawhut Street in Burlington and was present when the cuttings took place; that Jerry Miles was present and Jim Haith was not present and that he saw George Miles cut both of the prosecuting witnesses. The final defense witness was Mr. James Robinson who testified that he had known Jerry Miles for about six years; that he had coached Miles in football and supervised his work in the Neighborhood Youth Corps and that, although

he had heard that Miles served a prison sentence for breaking and entering, he considered him to be a person of good character.

Clifton Sellars was recalled by the State and testified that he knew George Miles but that George Miles did not cut him and that he did not recall his being present when he was cut.

The jury found defendants guilty of assault with a deadly weapon. A judgment imposing a prison sentence of not less than eighteen (18) or more than twenty-four (24) months was entered as to each defendant. Both defendants appealed.

*Attorney General Robert Morgan by Trial Attorney Charles M. Hensey for the State.*

*John D. Xanthos for defendant appellant.*

VAUGHN, J.

[1]    The defendants bring forward twenty-five assignments of error. All are found to be without merit. The first assignment of error is to the allowance of the motion to consolidate the cases for trial. In the present case this was a matter so clearly within the discretion of the trial judge that we do not deem it necessary to discuss the exception. *State v. Bryant,* 250 N.C. 113, 108 S.E. 2d 128. Assignment of Error No. 1 is overruled.

[2]    It is equally well settled that, for the purpose of impeaching defendant's credibility as a witness, the solicitor may cross-examine him as to collateral matters, including other criminal offenses and degrading actions, provided the questions are based on information and asked in good faith. 2 Strong, N.C. Index 2d, Criminal Law, § 86, p. 607. The defendants' Assignments of Error Nos. 2 and 3, based on such cross-examination of the defendant Miles, are overruled. We have also considered defendants' Assignments of Error Nos. 4, 5 and 6 and find them to be without merit.

[3]    At the conclusion of all the evidence, the defendants' attorney made the following motion: "On the charge of assault with intent to kill resulting in serious bodily injuries, we ask the Court to allow motion to dismiss insofar as the intent to kill or resulting in serious bodily injuries." The defendants' seventh assignment of error is that the court denied this motion. Suffice to say that, even from the summary of the evidence set out in this opinion, it is readily apparent that the motion was properly denied. This assignment of error is overruled.

[4]    Assignments of Error numbered 8 through 24 inclusive, all re-

late to the defendants' contention that the trial judge failed to instruct the jury properly as required by G.S. 1-180. Typical of these is Assignment of Error No. 9 which is directed to the following instruction by the court: "Your duty is to find the facts from the evidence and apply to those facts the law as given to you in these instructions." It is difficult to perceive how the defendants contend this to be prejudicial. At any rate, we do not deem it so. Assignments of error 8 through 24 are overruled.

[5] The defendants, in their final assignment of error assert "that the prison sentence was excessive and not authorized by law. This is indeed one of the vital questions presented by this appeal." The answer to defendants' question may be found in G.S. 14-33 which provides, among other things, that assault with a deadly weapon is punishable "by a fine in the discretion of the court, imprisonment not to exceed two (2) years, or both such fine and imprisonment." The prison sentence of not less than eighteen (18) or more than twenty-four (24) months, which was imposed on each defendant, is within the limits of this statute. We have reviewed the entire record and find no prejudicial error.

No error.

MALLARD, C.J., and MORRIS, J., concur.