STATE OF NORTH CAROLINA v. KENNETH LEA

No. 7215SC828

(Filed 20 December 1972)

1. **Criminal Law §§ 86, 88— cross-examination of defendant — inquiries concerning prior conduct — impeachment**

    An inquiry put to defendant on cross-examination in a first degree murder trial as to whether he had cut a named individual on a given date and defendant's answer thereto were admissible for purposes of impeachment.

2. **Criminal Law § 88— cross-examination of defendant — inquiry about potential witness proper**

    Where defendant in a murder trial testified that his brother accompanied him to a dance where the murder later took place, it was not error to allow the solicitor to cross-examine defendant as to the whereabouts at the time of the trial of his brother, a potential witness.

3. **Homicide § 30— first degree murder trial — failure to submit lesser degrees of crime — no error**

    The trial court in a first degree murder case properly refused to submit to the jury the issue of manslaughter where State's evidence tended to show that defendant, carrying a gun in his right hand, walked to within a few feet of the deceased, fired one shot into the floor, then pointed the weapon straight ahead at deceased and shot him in the forehead, while defendant's evidence was to the effect that he did not possess any firearm on the occasion and that he did not shoot the victim.

APPEAL by defendant from *Bailey, Judge,* 15 May 1972 Session of Superior Court held in ORANGE County.

Defendant was charged in a valid indictment with murder in the first degree and, upon his plea of not guilty, was tried and convicted of murder in the second degree.

The State's evidence tended to show that defendant attended a dance at the community center in Efland on 27 November

1971. While at the dance, defendant was seen talking with Bobby Johnson. At one point during the talk, defendant walked away from Johnson toward a crowd of boys, "huddled" with them, and returned to within several feet of Johnson carrying a pistol in his right hand. The defendant fired a shot into the dance floor, then, pointing the pistol straight ahead at Johnson, shot Johnson in the forehead. Johnson staggered backward several steps and fell to the floor. None of the witnesses observed any weapon in the possession of deceased at any time. The defendant left the scene and, later that same night, turned himself in to the police. No pistol was found.

Defendant stipulated that Bobby Johnson died as a result of a gunshot wound inflicted upon him on 27 November 1971. Defendant's evidence tended to show that he attended the dance in the company of his brother, Hesakiah Lea, Jr., and two other men. Defendant denied knowing or talking to the deceased. He denied possessing a pistol and he denied shooting Johnson. His witnesses testified that they either heard or saw the shots fired from a location some distance away from where they had observed the defendant standing. Defendant stated that when he learned the police were looking for him, he turned himself in.

Defendant was sentenced to serve twenty-five years imprisonment and appealed.

*Attorney General Robert Morgan by Thomas B. Wood, Assistant Attorney General for the State.*

*Winston, Coleman and Bernholz by Charles E. Vickery for defendant appellant.*

VAUGHN, Judge.

[1]    Defendant's first and second assignments of error concern the overruling of his objections to certain questions asked of defendant on cross-examination. A person charged with the commission of a crime is, at his own request, a competent witness in North Carolina, but, if he is examined as a witness, he is subject to cross-examination as are other witnesses. G.S. 8-54. The limits of legitimate cross-examination are largely within the discretion of the trial judge and, absent a showing that the verdict was improperly influenced by his rulings on the scope of that cross-examination, those rulings will not be held for error. *State v. McPherson,* 276 N.C. 482, 172 S.E. 2d 50. In order to impeach a defendant's credibility as a witness, the

solicitor is permitted to cross-examine the defendant as to collateral matters, including other criminal offenses, if the questions are based upon information and are asked in good faith. *State v. Haith* and *State v. Miles,* 7 N.C. App. 552, 172 S.E. 2d 912. Defendant objected to a question asking him if he had cut a "James Poteat with a pocketknife on the 14th day of August 1971. . . ." After his objection was overruled, defendant answered: "No, I didn't cut him. I took a plea of guilty but I didn't cut him. I didn't cut him, it was a fight." We hold this question and answer were within the rule stated above and defendant's contention in that regard is without merit.

[2] Defendant, during direct examination, testified that he went to the dance where the alleged shooting later took place accompanied by his brother, Hesakiah Lea, Jr., and two others whom he named. None of these men appeared as witnesses at the trial. During cross-examination of the defendant, the solicitor asked, "Where is Hesakiah Lea, Jr., now?" Defendant's objections were overruled and the defendant testified that his brother was in a prison camp at Yanceyville. The defendant first gave evidence that his brother had been present at the scene of the crime. It was not error to allow the solicitor to cross-examine defendant as to the whereabouts of his brother, a potential witness.

[3] In his fourth assignment of error defendant contends that the trial judge erred in that he failed to instruct the jury that they could consider a verdict of manslaughter. The jury was told they might find the defendant guilty of murder in the first degree or guilty of murder in the first degree with a recommendation of punishment of life imprisonment or guilty of murder in the second degree or not guilty of any crime. The intentional use of a deadly weapon as a weapon, when death proximately results from such use, gives rise to the presumptions that (1) the killing was unlawful and (2) done with malice, and an unlawful killing with malice is murder in the second degree. *State v. Duboise,* 279 N.C. 73, 181 S.E. 2d 393; *State v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322. Defense counsel cites *State v. McNeill,* 229 N.C. 377, 49 S.E. 2d 733, which is not authoritative on the question presented. *State v. Duboise, supra.* It was stipulated that the victim died as a result of a gunshot wound inflicted upon him on 27 November 1971. Evidence presented by the State tended to show that defendant, carrying a gun in his right hand, walked to within a few feet of the de-

ceased, fired one shot into the floor then pointed the weapon straight ahead at Bobby Johnson and shot him in the forehead. Defendant's evidence was to the effect that he did not possess any firearm on this occasion and that he did not shoot the victim. Defendant testified that he did not know the deceased, had never seen him and did not see him on that night. On these facts it was not error to refuse to submit the issue of manslaughter.

Defendant's other assignments of error have been considered. We hold that defendant has failed to show prejudicial error in the trial from which he appealed.

**No error.**

Judges BRITT and PARKER concur.