State v. House

STATE OF NORTH CAROLINA v. WALTER HOUSE, JR. AND
EUGENE ROGERS

No. 728SC837

(Filed 20 December 1972)

1. Criminal Law § 87— leading question — no prejudicial error

A single leading question by the solicitor put to an accomplice
who was testifying against defendants did not constitute prejudicial
error sufficient to require a new trial.

2. Criminal Law § 116— instruction on failure of defendant to testify

The trial court's instruction on defendant's failure to take the
stand that the jury must be very careful not to allow defendant's
silence to influence their verdict in any way was not prejudicial,
though an instruction more nearly in the language of G.S. 8-54 would
be preferred.

3. Criminal Law § 122— verdict of undecided — request for further in-
structions — no error

No prejudice arose out of the exchange between judge and jury
when, upon a jury question as to whether one defendant could be
found "undecided," the judge suggested that the jury go back and
work on that verdict.

APPEAL by defendants from *Cowper, Judge,* 31 July 1972
Criminal Session of Superior Court held in LENOIR County.

Defendants were tried and convicted under separate bills
of indictment, proper in form, charging them with the armed
robbery of Morris Mobley. They appeal from judgments of
imprisonment for terms of twenty years.

*Attorney General Morgan by Assistant Attorney General
Lester V. Chalmers, Jr., for the State.*

*Harvey W. Marcus for defendant appellant Walter House,
Jr.*

*Perry, Perry and Perry by Dan E. Perry for defendant
appellant Eugene Rogers.*

GRAHAM, Judge.

[1] The State relied principally upon testimony of two accom-
plices who pleaded guilty to charges arising out of the robbery
and then testified against defendants. The solicitor asked one
of these witnesses on direct examination: " . . . [Y]ou say
the purpose of you all going there the two or three times was

State v. House

to rob Mr. Morris Mobley, is that right?" Defendants' objections were overruled and the witness answered, "Yes sir." Defendants assert on appeal that permitting this single leading question constitutes prejudicial error sufficient to require a new trial. We disagree. "The allowance of leading questions is a matter entirely within the discretion of the trial judge, and his rulings will not be reviewed on appeal, at least in the absence of a showing of abuse of discretion." Stansbury, N. C. Evidence 2d, § 31 at 59; *State v. Staten,* 271 N.C. 600, 157 S.E. 2d 225; *State v. Painter,* 265 N.C. 277, 144 S.E. 2d 6. We find no abuse of discretion here; moreover, defendants have not been harmed because a more properly phrased question would undoubtedly have brought forth the same information. See *State v. Johnson,* 272 N.C. 239, 158 S.E. 2d 95.

[2] Defendant House assigns as error the form of the court's instruction concerning his failure to testify. The court instructed:

> "He is presumed to be innocent and in this connection I instruct you that the Defendant House chose not to testify in this case, and the law gives him this privilege. The same law also assures him that his decision not to testify will not be used against him. Therefore, you must be very careful not to allow his silence to influence your decision in any way."

It is noted that the instruction given was taken almost verbatim from the pattern jury instructions suggested by the Conference of Superior Court Judges. While an instruction more nearly in the language of G.S. 8-54 is preferred, *State v. McNeill,* 229 N.C. 377, 49 S.E. 2d 733, and *State v. Powell,* 11 N.C. App. 465, 181 S.E. 2d 754, *cert. denied,* 279 N.C. 396, we do not view the instructions given as prejudicial and overrule this assignment of error.

[3] Finally, both defendants contend that prejudicial error arises from a colloquy that occurred when the jury returned to the courtroom after deliberating about forty minutes and asked the trial judge if they could find one defendant guilty or not guilty and the other one undecided. The judge properly instructed them that they could find one defendant guilty and one not guilty. When asked specifically if one could be found "undecided," the judge replied: "Undecided now but I want you to stay in there and work on that."

There is no indication in the record that the jury was dead-locked over a verdict as to either defendant at the time they requested the additional instructions. On the contrary, it appears they simply wanted the court to clarify the alternative verdicts available to them. When they first returned to the courtroom, one of the jurors informed the court that, " . . . we would like to know some of the alternatives as far as passing judgment. . . . " The court's response was in no way coercive and perhaps it was as appropriate under the circumstances as any that could have been made. We hold that no prejudice arose out of the colloquy assigned as error.

A review of the entire record indicates that both defendants received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and VAUGHN concur.