State v. Phifer

STATE OF NORTH CAROLINA v. CLYDE PHIFER

No. 7220SC751

(Filed 20 December 1972)

1. Criminal Law § 66— in-court identification of defendant based on observation at crime scene — admissibility

There was competent, clear and convincing evidence in a nonfelonious breaking and entering case to support the trial court's findings that an in-court identification of the defendant by a homeowner witness was of independent origin, based exclusively on what the witness observed during and immediately after the housebreaking, and did not result from any out-of-court confrontation or from any pretrial identification procedure suggestive of and conducive to mistaken identification.

2. Criminal Law § 116— instruction on failure of defendant to testify

Trial court's instruction that the jury must be very careful not to allow defendant's silence to influence their decision in any way did not constitute prejudicial error, though an instruction more nearly in the language of G.S. 8-54 would have been preferable.

APPEAL by defendant from *Collier, Judge,* 5 June 1972 Session of Superior Court held in ANSON County.

Criminal prosecution on a bill of indictment, proper in form, charging defendant, Clyde Phifer, with felonious breaking

and entering. Upon the defendant's plea of not guilty, the State offered evidence tending to show the following:

At about 7:00 a.m. on 25 May 1971, Lee Thomas Little (Little) returned to his home after working the third shift at Hornwood and went to bed. Between 9:00 and 10:00 a.m., Little was awakened by a knock on the back door. He heard a car door slam, looked through the window and saw a white, 1965 Ford pull away. Little went back to sleep and was awakened about 11:00 a.m. by a noise emanating from the back of the house. Little got out of bed, walked down the hall into the den where he saw the defendant, a man he had never seen before, leaning over. Little testified: "[H]e straightened up and looked me directly in the face and asked me what in the hell I was doing there. And I stared at him and told him to wait a minute. . . ." Little went to the bedroom to get a gun and when he returned he found that the defendant had failed "to wait a minute" and had left the premises. Little saw two people running into the woods behind his home. He followed the men through the woods and saw a white, 1965 Ford stuck in a ditch. One man was in the car and the other man was "standing on the car." Little went back and "stopped someone to call the law." When deputy sheriff Harward responded to the call, Little gave him the following description: "[T]he man . . . was about 190 pounds, had a gut hanging . . . was in his late forties or fifties. He was wearing a pair of brown khakis, wearing a cap."

Defendant offered no evidence. The case was submitted to the jury on the charge of non-felonious breaking and entering.

The defendant was found guilty of the misdemeanor. From a judgment imposing a jail sentence of from 18 to 24 months, defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Raymond W. Dew, Jr., for the State.*

*Jones & Drake by Henry T. Drake for defendant appellant.*

HEDRICK, Judge.

[1]   Defendant's first, second and third assignments of error challenge Little's in-court identification of defendant as the perpetrator of the crime charged.

When the defendant objected to the testimony of Little's identification of the defendant as the person he saw and spoke

to in his den, the trial judge followed the procedure prescribed by Chief Justice Bobbitt in *State v. Accor* and *State v. Moore,* 277 N.C. 65, 175 S.E. 2d 583 (1970) by conducting a *voir dire* hearing in the absence of the jury, where, after hearing the testimony of Little, Deputy Sheriff Harward, and the defendant, the court made findings of fact as to any out of court confrontation between the witness and the defendant, and as to what the witness observed during and immediately after the housebreaking. There was competent, clear and convincing evidence to support the court's findings that the in-court identification of the defendant by Little was of independent origin, based exclusively on what he observed during and immediately after the housebreaking, and did not result from any out of court confrontation or from any pretrial identification procedure suggestive of and conducive to mistaken identification. Such findings when supported by competent evidence are conclusive on appellate courts, both State and Federal. *State v. McVay* and *State v. Simmons,* 279 N.C. 428, 183 S.E. 2d 652 (1971) ; *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534 (1970), cert. denied 400 U.S. 946, 27 L.Ed. 2d 252, 91 S.Ct. 253 (1970) ; *State v. Sneed,* 14 N.C. App. 468, 188 S.E. 2d 537 (1972).

By his fourth assignment of error, defendant contends the court erred in denying his motion for judgment as of nonsuit. There was plenary, competent evidence to require submission of the case to the jury·and to support the verdict.

[2]  Defendant assigns as error the form of the court's instruction concerning his failure to testify when the court stated: "Therefore, you must be very careful not to allow his silence to influence your decision in any way." While an instruction more nearly in the language of G.S. 8-54 is preferable, *State v. McNeill,* 229 N.C. 377, 49 S.E. 2d 733 (1948), and *State v. Powell,* 11 N.C. App. 465, 181 S.E. 2d 754 (1971), cert. denied 279 N.C. 396 (1971), we do not consider the instructions given to be prejudicial and therefore overrule this assignment of error.

Finally, by his sixth assignment of error, the defendant contends "the court erred in commenting upon the evidence in the court's charge to the jury" in violation of G.S. 1-180. We have examined the four exceptions upon which this assignment of error is based and find them to be without merit.

The defendant had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge MORRIS concur.