State v. Penland

STATE OF NORTH CAROLINA v. JAMES CLAY PENLAND

No. 7328SC693

(Filed 28 November 1973)

Criminal Law § 116— instruction on defendant's failure to testify — no error

While it is better, in the absence of a request, to give no instruction, the trial court's instruction on defendant's failure to testify which incorporated the precise language of G.S. 8-54 was not error.

APPEAL by defendant from *Lanier, Judge,* 26 February 1973, Criminal Session, BUNCOMBE Superior Court.

The defendant was charged with armed robbery. From a verdict of guilty and a sentence of not less than 15 years and not more than 20 years, the defendant appealed.

*Attorney General Robert Morgan by Associate Attorney William Woodward Webb for the State.*

*Robert S. Swain and Joel Stevenson for defendant appellant.*

CAMPBELL, Judge.

The defendant's only contention is that error was committed when the trial court, without being requested to do so, instructed the jury that the defendant had not testified in his own behalf and that the law of North Carolina gave him the right to do so. Defendant contends that he was prejudiced because the trial court did not instruct the jury that it was not to consider the defendant's action in any manner in reaching their verdict.

The actual instructions to the jury on this point were:

"Now the defendant in this case has not testified. The law of North Carolina gives him this privilege. He may or

may not testify in his own behalf as he sees fit. This same law also assures him that his decision not to testify shall not create any presumption against him."

In *State v. Barbour,* 278 N.C. 449, 180 S.E. 2d 115 (1971), *cert. denied,* 404 U.S. 1023, 92 S.Ct. 699, 30 L.Ed. 2d 673 (1972), the court stated: "Ordinarily, it would seem better to give no instruction concerning a defendant's failure to testify unless such an instruction is requested by the defendant." While it is better, in the absence of a request, to give no instruction, nevertheless, we find no error in this instance. An instruction such as the one here which incorporates the precise language of G.S. 8-54 is not only acceptable, it has often been suggested as being the preferred instruction. *State v. McNeill,* 229 N.C. 377, 49 S.E. 2d 733 (1948); *State v. Powell,* 11 N.C. App. 465, 181 S.E. 2d 754 (1971), *cert. denied,* 279 N.C. 396, 183 S.E. 2d 243 (1971); *State v. House,* 17 N.C. App. 97, 193 S.E. 2d 327 (1972); *State v. Phifer,* 17 N.C. App. 101, 193 S.E. 2d 413 (1972), *cert. denied,* 283 N.C. 108, 194 S.E. 2d 636 (1973).

The defendant had a fair and impartial trial free from prejudicial error.

No error.

Judges HEDRICK and VAUGHN concur.