STATE OF NORTH CAROLINA v. JASPER BREWER

No. 7426SC716

(Filed 6 November 1974)

Criminal Law § 116— failure of defendant to testify —.. instructions

> The trial court's instruction that "the same law also assures [defendant] that his decision not to testify will not be used against him. Therefore, you must be very careful not to allow his silence to influence your decision in any way" clearly instructed the jury that defendant's failure to testify did not create any presumption against him.

APPEAL by defendant from *Long, Judge,* 22 April 1974 Session of Superior Court held in MECKLENBURG County.

Heard in Court of Appeals 18 September 1974.

Defendant was tried upon an indictment charging armed robbery of Archie Burleson on 6 September 1973 in the warehouse office of Goodnight Brothers Trucking Company at Charlotte. He entered a plea of not guilty.

Three employees of Goodnight Brothers were eyewitnesses to the robbery and testified for the State. Two of these witnesses identified defendant as the man they saw strike Archie Burleson on the head, point a pistol at Burleson and others present, and require Burleson to give him cash and checks from the cash register and office safe.

Defendant did not testify. He relied upon an alibi and presented three witnesses who stated he was in their company at home at the time of the robbery.

The jury returned a verdict of guilty. From a judgment imposing a prison sentence of 16 to 20 years, defendant has appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Charles A. Lloyd, for the State.*

*Blum and Sheely, by Michael A. Sheely, for defendant appellant.*

BALEY, Judge.

Defendant assigns as error the form of the court's instruction to the jury concerning his failure to testify. While an

---

instruction more nearly in the language of G.S. 8-54 is preferable, *State v. Powell,* 11 N.C. App. 465, 181 S.E. 2d 754, *cert. denied,* 279 N.C. 396, 183 S.E. 2d 243, the court used language which clearly conveyed to the jury that the failure of defendant to testify was not to create any presumption against him. The identical words used by the court in this case.

> "The same law also assures him that his decision not to testify will not be used against him. Therefore, you must be very careful not to allow his silence to influence your decision in any way."

were held not to be prejudicial in *State v. House,* 17 N.C. App. 97, 98, 193 S.E. 2d 327, 328, and *State v. Phifer,* 17 N.C. App. 101, 103, 193 S.E. 2d 413, 414, *cert. denied,* 283 N.C. 108, 194 S.E. 2d 636.

Defendant also complains that the court improperly sustained the objection of the State to questions propounded to a State's witness on cross-examination. There are no answers in the record from which this Court can determine if any testimony excluded on cross-examination would have been prejudicial, *State v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342, and the questions themselves call for highly speculative opinion on the part of the witness. *See generally* 1 Stansbury, N. C. Evidence 2d (Brandis rev.), § 122.

No error.

Judges BRITT and HEDRICK concur.